IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROMONA KENNARD, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | No. 3:19-cv-383-B-BN |
| | § | |
| MR. RICHER, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Romona Kennard, who provided as her contact address a residential address in Plano, Texas, filed a 28 U.S.C. § 2254 application for writ of habeas corpus in February 2019 apparently directed at the "warden" of the Terrell State Hospital. *See* Dkt. No. 3. The petition further appears to provide that Ms. Kennard was at the hospital from 2010 to 2014. *See id.* at 2. This resulting action has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Jane J. Boyle. The undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss the habeas application for lack of subject matter jurisdiction under Rule 4 of the Rules Governing Section 2254 Cases because Ms. Kennard has not shown that she currently is "in custody" at Terrell State Hospital under the order of a state court.

**Applicable Background, Legal Standards, and Analysis**

A federal court lacks subject matter jurisdiction to entertain a Section 2254

action if, at the time the habeas petition is filed, the prisoner is not "in custody" under the conviction and sentence he seeks to attack. *See* 28 U.S.C. § 2254(a); *Hendrix v. Lynaugh*, 888 F.2d 336, 337 (5th Cir. 1989). A prisoner need not be physically confined to be "in custody" for the purposes of Section 2254. But, "once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." *Maleng v. Cook*, 490 U.S. 488, 492 (1989); *see also Hendrix*, 888 F.2d at 337-38 (adverse consequences of expired sentence, including possibility that conviction may be used to impeach future testimony and enhance future punishment, held insufficient to satisfy the "in custody" requirement of Section 2254).

"This custody requirement can be satisfied by certain non-criminal judgments, including civil commitment orders." *Rubio v. Davis*, 907 F.3d 860, 862 (5th Cir. 2018) (citing *Duncan v. Walker*, 533 U.S. 167, 176 (2001); *Francois v. Henderson*, 850 F.2d 231, 232 (5th Cir. 1988)); *see also Delaney v. Comm'r of Dep't of Mental Health*, Nos. C.A. 92-12025-MLW & C.A. 92-12026-MLW, 1998 WL 113852, at *4 (D. Mass. Mar. 5, 1998) ("For decades, federal courts have assumed that the 'in custody' jurisdictional requirement is satisfied when a habeas applicant seeks release from involuntary confinement in a mental institution to which he or she has been civilly committed pursuant to the order of a state court." (collecting cases)).

Under Rule 4 of the Rules Governing Section 2254 Cases, a district court may summarily dismiss a 28 U.S.C. § 2254 habeas application "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled

to relief in the district court." *Id.*

> This rule differentiates habeas cases from other civil cases with respect to *sua sponte* consideration of affirmative defenses. The district court has the power under Rule 4 to examine and dismiss frivolous habeas petitions prior to any answer or other pleading by the state. This power is rooted in "the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer."

*Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999) (quoting 28 U.S.C. foll. § 2254 Rule 4 Advisory Committee Notes).

And a court may dismiss a habeas petition that does not meet Section 2254(a)'s "in custody" requirement under Rule 4 for lack of jurisdiction. *See, e.g., Althouse v. Davis*, No. 3:18-cv-2207-C-BN, 2018 WL 4536740 (N.D. Tex. Sept. 12, 2018).

On February 20, 2019, the Court advised Ms. Kennard that,

> [b]ecause [she] has not shown that she is currently "in custody" at Terrell State Hospital under the order of a state court, it does not appear that the Court has jurisdiction over her petition. But, because she is proceeding *pro se*, the Court will grant her an opportunity to address these concerns.
>
> The Court therefore ORDERS Ms. Kennard to file no later than March 22, 2019 a written response to this order to show the Court that it has subject matter jurisdiction over her habeas petition.
>
> Failure to comply with this order will result in a recommendation that this action be dismissed for failure to prosecute under Federal Rule of Civil Procedure 41(b) and/or for lack of subject matter jurisdiction under Rule 4 of the Rules Governing Section 2254 Cases ....

Dkt. No. 5 at 2-3 (emphasis omitted). Ms. Kennard failed to respond as ordered.

Therefore, because Ms. Kennard has not shown that there is subject matter jurisdiction over her petition, "it plainly appears ... that [she] is not entitled to relief in the district court." RULE 4, RULES GOVERNING SECTION 2254 CASES IN THE UNITED

STATES DISTRICT COURTS.

## Recommendation

The Court should dismiss the habeas application for lack of subject matter jurisdiction under Rule 4 of the Rules Governing Section 2254 Cases because Petitioner Romona Kennard has not shown that she currently is "in custody" at Terrell State Hospital under the order of a state court.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: April 12, 2019

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE

-4-